| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:11-CR-220(1) |
| § | |
| AMADOR SOTO, SR. § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Amador Soto, Sr.'s ("Soto"), Application to Proceed *In Forma Pauperis* (#216). On August 18, 2021, the court denied (#214) Soto's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (#205). Subsequently, on September 13, 2021, Soto filed a notice of appeal, which is pending before the United States Court of Appeals for the Fifth Circuit, No. 21-40724. In his present motion, Soto requests that the court allow him to proceed *in forma pauperis* ("IFP"). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs. *See* 28 U.S.C. § 1915(a); FED. R. APP. P. 24(a). To proceed IFP, a party must submit an affidavit that includes a statement of all assets he possesses demonstrating his inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner who seeks to proceed IFP must also submit a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal. *Id*. § 1915(a)(2). If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing

fee and monthly installments withdrawn from the prisoner's account.  *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020).  A prisoner may proceed IFP on appeal only if he is economically eligible and presents a nonfrivolous issue.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *accord United States v. Rutherford*, 831 F. App'x 713, 714 (5th Cir. 2020).  An issue is not frivolous if it involves "legal points arguable on their merits."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *accord United States v. Castillo-Chavez*, 828 F. App'x 207, 207 (5th Cir. 2020).

In the present case, Soto has not demonstrated that he is indigent.  Although Soto provided the court with an affidavit claiming that he does not have the funds to cover the necessary fees, he did not submit a certified copy of his trust fund account statement or institutional equivalent.  Indeed, the documentation Soto provided with his motion shows that he has an available balance of $1,499.27 in his inmate account which is sufficient to pay the $505 filing fee.  Furthermore, Soto does not present a nonfrivolous issue for appeal.  In accordance with the foregoing, Soto's Application to Proceed *In Forma Pauperis* (#216) is DENIED.

SIGNED at Beaumont, Texas, this 18th day of January, 2022.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE